1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10
11  JAMES E. SMITH,

12               Plaintiff,                    No. 2:13-cv-0252 KJM AC P

13        vs.

14  TIM VIRGA, et al.,

15               Defendants.              ORDER

16  _____/

17         Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

18  U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

19  pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20  § 636(b)(1).

21         By order filed on February 13, 2013, plaintiff was granted twenty-eight days to

22  submit a completed application to proceed in forma pauperis.  On March 8, 2013, plaintiff

23  submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly,

24  the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

26  U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

                                    1

1  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

2  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

3  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

4  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

5  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

6  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

7  U.S.C. § 1915(b)(2).

8          The court is required to screen complaints brought by prisoners seeking relief

9  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

10  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

11  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

12  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

13  U.S.C. § 1915A(b)(1),(2).

14          A claim is legally frivolous when it lacks an arguable basis either in law or in

15  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

16  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.

18  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

19  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

20  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

21          A complaint must contain more than a "formulaic recitation of the elements of a

22  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

23  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

24  must contain something more . . . than . . . a statement of facts that merely creates a suspicion

25  [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice

26  and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>,
556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility
when the plaintiff pleads factual content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged."  <u>Id.</u>

In reviewing a complaint under this standard, the court must accept as true the
allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.
738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Plaintiff names fifteen defendants, including: three clinical staff members of the
CDCR[1] mental health services delivery system (MHSDS) at California State Prison - Sacramento
(CSP-Sac); four CDCR MHSDS clinical staff members, two medical staff members and two
correctional officers at RJ Donovan (RJD); the acting warden at CSP-Sac; and two court-
appointed mental health professionals.[2]  <u>See</u> Complaint.   In doing so, plaintiff has failed to
provide, as required by Fed. R. Civ. P. 8(a)(2), "a short and plain statement of the claim showing
that the pleader is entitled to relief. . . ."  Rule 8 requires "sufficient allegations to put defendants
fairly on notice of the claims against them."  <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir.
1991)).  <u>Accord</u> <u>Richmond v. Nationwide Cassel L.P.</u>, 52 F.3d 640, 645 (7th Cir. 1995)
(amended complaint with vague and scanty allegations fails to satisfy the notice requirement of
Rule 8.)

Plaintiff accuses the defendants associated with his mental health treatment in
prison of having fabricated diagnostic evaluations showing plaintiff suffers from a major mental
disorder when he has no mental illness.  Notwithstanding, he recounts how, some two years prior
to being arrested on charges which led to his present prison term, he was continuously "attacked"

---

[1]   California Department of Corrections and Rehabilitation.

[2]   A fifteenth defendant, A. Canon, does not have any place of employment identified.

1  by some unknown entity or group.  The sustained two-year attack involved the use of "ultra

2  sophisticated surveillance methods" which could not be impeded by physical structures.

3  Plaintiff ascribes the blame for his current incarceration to the constant, 24-hour-a-day auditory

4  bombardment which led to his firing rounds at a mobile trailer park, striking some of the trailers.

5  Complaint at 9, 14-15.

6       Plaintiff's vague allegations of being subjected to false records of his mental

7  health history, leading to compelled mental health treatment and wrongful placement with those

8  who suffer from mental illness,  are belied by plaintiff's own recounting of the circumstances of

9  his arrest.  In any case, plaintiff fails altogether to allege facts that constitute a constitutional

10 deprivation.  This complaint will be dismissed but plaintiff will be granted leave to amend to set

11 forth specific factual allegations regarding the conduct of any of the defendants which implicate

12 plaintiff's constitutional rights.

13      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14 conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v.

15 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

16 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

17 is some affirmative link or connection between a defendant's actions and the claimed

18 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

19 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

20 vague and conclusory allegations of official participation in civil rights violations are not

21 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22      In addition, plaintiff is informed that the court cannot refer to a prior pleading in

23 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24 complaint be complete in itself without reference to any prior pleading.  This is because, as a

25 general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa

26 County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint

4

1   supercedes the original complaint and renders it without legal effect... .")  Once plaintiff files an

2   amended complaint, the original pleading no longer serves any function in the case.  Therefore,

3   in an amended complaint, as in an original complaint, each claim and the involvement of each

4   defendant must be sufficiently alleged.

5              In accordance with the above, IT IS HEREBY ORDERED that:

6              1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is

7   granted.

8              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

9   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11  Director of the California Department of Corrections and Rehabilitation filed concurrently

12  herewith.

13             3.  The complaint is dismissed for the reasons discussed above, with leave to file

14  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

15  file an amended complaint will result in a recommendation that the action be dismissed.

16  DATED: April 30, 2013.

17

18  _____
    ALLISON CLAIRE
19  UNITED STATES MAGISTRATE JUDGE

20

21  AC:009
    smit0252.b

22

23

24

25

26

5