UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIM VIRGA, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-0252 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed with leave to file an amended complaint.  ECF No. 12.  Plaintiff has filed an amended complaint.  ECF No. 15.  However, it fails to cure the defects of the original and the court will now recommend dismissal of this action.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5       A complaint must contain more than a "formulaic recitation of the elements of a cause of
6  action;" it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading
8  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
9  a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and
10 Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual
11 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
12 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has
13 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
14 reasonable inference that the defendant is liable for the misconduct alleged." Id.

15      In reviewing a complaint under this standard, the court must accept as true the allegations
16 of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
17 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
18 the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969). However, the court need
19 not accept as true allegations that are fanciful, fantastic or delusional; such allegations are by
20 definition frivolous. Neitzke, 490 U.S. at 327.

21      In the original complaint, plaintiff made allegations against a number of prison staff
22 members, primarily those involved with inmate mental health care, alleging that he was being
23 subjected to false diagnostic evaluations and a fabricated mental health history leading to his
24 wrongful placement among the mentally ill and to compelled mental health treatment. ECF No.
25 12. While claiming not to be mentally ill, plaintiff described his experience of a perpetual, 24-
26 hour-a-day auditory bombardment which he blames for his commitment offense of firing rounds
27 at a trailer park.

28      In his amended complaint, plaintiff names as defendants four prison mental health

clinicians (K. Hardin, R. Carey, E. Rapoport, M. Masters), a licensed vocational nurse involved in his mental health treatment (F. Czech), and the former Secretary of the California Department of Corrections and Rehabilitation (CDCR) (Matthew Cate).  Plaintiff alleges that each of the named mental health professionals has been involved in wrongly evaluating the condition of his mental health by, inter alia, failing to accurately reflect his mental health history, providing diagnoses based on insufficient observation, and creating and recording false statements in his CDCR records, all with the aim of wrongfully retaining him in mental health treatment housing.  ECF No 15 at 4-13[1].  For example, in response to petitioner's complaints of being subjected to unremitting and tortuous interrogation, defendant Masters is alleged to have falsely recorded that plaintiff made untrue statements and that he had a history of delusional paranoia and psychosis.  Id. at 5.  The dominant theme of the amended complaint is that defendants simply fail to recognize and respond to the twenty-four-hour-a-day torture that plaintiff suffers "through intensive covert interrogative efforts by inmate informants to extract information from plaintiff pertaining to matters unknown to plaintiff."  Id. at 5-13.

      The amended complaint fails to cure the deficiencies of the original complaint.  Plaintiff does not identify a constitutional deprivation, and his allegations regarding the conduct of the individual defendants are too vague to state a claim.  Moreover, plaintiff's allegations that he is "symptom-free of mental disorder and abnormal behaviors" (id. at 14) are belied by his own assertions.  Accordingly, the court concludes that an additional opportunity for amendment would be fruitless.

      "Liberality in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.'"  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203

---

[1] The pagination of the court's electronic docketing system is referenced.

F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124.  The denial of leave to amend is within the district court's discretion. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

In this case, plaintiff has been afforded an opportunity to amend but has failed to cure the defects of his allegations.  The court finds that to provide further leave to amend would be patently futile.  Therefore, the court will recommend dismissal of this case for plaintiff's repeated failure to state a claim.

Accordingly, IT IS RECOMMENDED that the amended complaint be dismissed for failure to state a claim and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009 smit0252.b2

4